UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| RANDALL CORLEY, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 4:18-CV-74-TAV-SKL |
| | ) | |
| LINCOLN COUNTY SHERIFF'S | ) | |
| DEPARTMENT MEDICAL STAFF, | ) | |
| MURRAY BLACKWELDER, | ) | |
| CHRIS THORNTON, | ) | |
| VICKEY AFISOU, | ) | |
| BRENDA BURNS, | ) | |
| MICHELLE ADAMS, | ) | |
| BRANDON JEAN, | ) | |
| EMILY MANN, and | ) | |
| SUSAN CREWS, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On June 26, 2019, the Court entered an order screening Plaintiff's complaint, providing that Plaintiff had fifteen days from the date of entry of the order to file an amended complaint, and directing the Clerk to send that order to an updated address for Plaintiff that the Court found through the Tennessee Department of Correction's felony offender information database [Doc. 12 p. 1–5]. In the order, the Court warned Plaintiff that if he failed to timely comply with it, the Court would dismiss this action [*Id.* at 5]. More than thirty days have passed since entry of this order Plaintiff has not filed an amended complaint or otherwise communicated

with the Court. Accordingly, for the reasons set forth below, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

With respect to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, as set forth above, it appears that Plaintiff received the Court's order, but chose not to comply therewith. As such, the first factor weighs in favor of dismissal.

With respect to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

With respect to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order [*Id.*].

Finally, with respect to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff is a prisoner proceeding *in forma pauperis* in this matter [Doc. 8] and Plaintiff has not pursued this case since a filing a motion to be moved to state prison [Doc. 11] with the Court more than five months ago.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b) and the Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

                                              s/ Thomas A. Varlan
                                              UNITED STATES DISTRICT JUDGE